Louis ZAPPA v. STATE. (No. 12256.) Court of Criminal Appeals of Texas. Oct. 31, 1928.

Langston G. King, Judge. H. R. Bishop, of Houston, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for forgery; punishment, two years in the penitentiary. We find in this record an affidavit made by appellant, asking that this appeal be dismissed. The request is granted, and the appeal is dismissed.

J. E. ANDERSON, Appellant, v. Louis POLK, County Surveyor, et al., Appellees. (No. 8050.) Court of Civil Appeals of Texas. San Antonio. Oct. 17, 1928. Rehearing Denied Nov. 14, 1928.

T. M. Cox, Judge. Nelson Lytle, of San Antonio, and Kay, Akin & Smedley, of Wichita Falls, for appellant. Joseph Ryan, of San Antonio, for appellees.

SMITH, J. This is a companion case to that of Anderson v. Polk (Tex. Civ. App.) 291 S. W. 1112, and (Tex.) 297 S. W. 219. The parties to the two suits are identical, as are the facts and the questions of law raised and to be disposed of. The only difference is in the specific tracts of land involved. In both cases the general demurrer was sustained to appellant's petition, and the question to be determined in this case, as it was in the other, is as to whether the trial court properly sustained the general demurrer. We refer to the opinion and decision in the former case for a statement of the facts, and conclusions of law, which are adopted as applicable to this case. We have concluded that the effect of the allegations in the present case is not materially different from the effect of the allegations in the former case, and this conclusion requires that the judgment be affirmed. Appellant has alleged that the land in controversy was unsurveyed public school land, and a part of the public domain, and was therefore subject to sale to appellant under laws existing at the time he applied to purchase the same. We adhere to the holding in the former case, that under the facts alleged by appellant the land is shown to be included within the ancient grant of the city of San Antonio, that it had been relinquished by the sovereignty to the city, and was therefore not subject to sale by the state to appellant. No additional facts are alleged by appellant in this case which can be construed as negativing the title shown to exist in the city, and the judgment is therefore affirmed.

A. T. MAST et al. v. G. A. BLOUNT. (No. 1684.) Court of Civil Appeals of Texas. Beaumont. Nov. 1, 1928.

C. A. Hodges, Judge. Adams & McAlister, of Nacogdoches, for appellants. Seale & Denman, of Nacogdoches, for appellee.

HIGHTOWER, C. J. This was a suit by appellee, Blount, against the Mast Motor Company, a partnership composed of H. R. Mast and A. T. Mast, and A. T. Mast, individually, for the recovery of a money judgment in the sum of $528.41, it being alleged by the plaintiff that that amount was the balance due him by defendants on an account between them covering the sale and purchase of certain automobiles. Blount alleged in his petition that the total amount due him by defendants was $1,220, but admitted in his pleading that he was indebted to defendants in the sum of $691.59, for which he admitted defendants should have credit, leaving as a balance due him $528.41. Defendants, after a general denial, set up a cross-action for labor and repairs on certain automobiles and the value of certain merchandise and for commissions due them by plaintiff on the sales of certain automobiles. The case was tried without a jury, and resulted in a judgment in favor of Blount against defendant A. T. Mast for $291.80, with interest on that amount at the rate of 6 per cent. per annum from date of the judgment. A. T. Mast alone has appealed. At appellant's request the trial judge filed findings of fact and conclusions of law. These findings and conclusions are attacked by appellant on the ground that the evidence showed without dispute that appellant was entitled to certain amounts as commissions on the sale of certain automobiles, and that the trial court should have so found and rendered judgment therefor. We have gone through the statement of facts, and have concluded that appellant's contention on this point cannot be sustained. It is therefore ordered that the judgment be affirmed.